UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                              No. 02-4277

EDWARD MOORE, JR.,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-01-7-BO)

Submitted: November 27, 2002

Decided: January 3, 2003

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Terry F. Rose, Smithfield, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Edward Moore, Jr., pled guilty to carjacking and aiding and abetting carjacking, 18 U.S.C. §§ 2, 2119 (2000) (Count One), and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c) (2000) (Count Two). He was sentenced to 120 months imprisonment for the carjacking offense and a successive term of eighty-four months imprisonment for the § 924(c) conviction. Moore appeals his sentence, arguing that the government's decision not to make a sentence recommendation after it filed a motion for a substantial assistance departure, *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (2001), violated his substantive due process rights. We affirm.

Moore's plea agreement did not obligate the government to make a substantial assistance motion if he provided substantial assistance; it did not mention the possibility of a § 5K1.1 motion.* The district court was initially inclined to depart upward pursuant to *U.S. Sentencing Guidelines Manual* § 4A1.3, p.s. (2001), but decided against an upward departure after the government moved for a substantial assistance departure. The government attorney explained that Moore assisted the government by exonerating a person who had been mistakenly identified as the carjacker. However, because Moore had an extensive criminal history and because the instant offense was a carjacking committed against a woman with five children in her car, the government attorney requested only a sentence at the low end of the guideline range. The district court decided to sentence Moore to the minimum sentence under the guidelines, a term of 120 months imprisonment, and the required consecutive eighty-four-month term of imprisonment. The court did not depart upward.

---

*In the agreement, Moore waived his right to appeal his sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. The government has declined to assert the waiver because Moore's argument here may be construed as a claim of prosecutorial misconduct.

When the defendant's plea agreement does not obligate the government to move for a substantial assistance departure in the event the defendant provides substantial assistance, the district court may review the government's refusal to move for a departure, but may only grant a remedy if the government's refusal was based on an unconstitutional motive, such as race or religion, or is not rationally related to a legitimate government end. *Wade v. United States*, 504 U.S. 181, 185-86 (1992).

Moore acknowledges that the government did not breach the plea agreement, but contends that, in refusing to recommend a sentence below the guideline range because of his extensive criminal history, the government essentially negated the substantial assistance motion and argued against a departure based on an impermissible factor. We take the latter argument to mean that, in his view, the government's conduct was not rationally related to a legitimate government end. However, we are not persuaded that a defendant may contest the adequacy of a § 5K1.1 motion based on *Wade*.

Because Moore was not entitled to a § 5K1.1 motion under the terms of his plea agreement, he was not entitled to an "adequate" § 5K1.1 motion. Moreover, the prosecutor's conduct was rationally related to two legitimate government ends: (1) rewarding Moore for his assistance and (2) ensuring a suitable punishment for the crime. The government attorney explained the extent of Moore's cooperation, for which she felt he should be rewarded, but also expressed her concern that a sentence below the guideline range would not adequately punish the offense. By filing the § 5K1.1 motion, the government opened the door for a downward departure if the district court, in its discretion, determined that a departure was warranted. The government's failure to recommend a sentence below the guideline range did not prevent the district court from departing. In this case, although the district court did not depart downward, the government's filing of the § 5K1.1 motion persuaded the court not to depart upward as it was previously inclined to do. Consequently, Moore has not shown that error occurred.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*